## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERROL ANTHONY ROY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-701** |
| **ORLEANS PARISH SHERIFF'S OFFICE, ET AL.** | **SECTION: "R"(1)** |

### PARTIAL REPORT AND RECOMMENDATION

Plaintiff, Errol Anthony Roy, was an inmate at the time he filed this federal civil rights action pursuant to 42 U.S.C. § 1983.[1]  In his original complaint, he sued only the Orleans Parish Sheriff's Office, claiming that jail officials failed to protect him violence at the hands of other inmates.[2]  On March 23, 2015, the undersigned notified plaintiff that the Sheriff's Office was not a proper defendant and ordered him to file an amended complaint to name as defendants the actual persons who allegedly violated his rights.[3]  Plaintiff has since amended the complaint on numerous occasions.[4]  Through those amendments, he has added the following additional defendants:  Sheriff Marlin Gusman, the Jefferson Parish Sheriff's Office, the "Orleans Parish Prison Health Care Authority," Kentrisha Davis, Tyrone Roussel, and Chief Earl Weaver, Jr.

To better understand the factual bases of plaintiff's claims, the Court held a Spears hearing on July 14, 2015.  See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).  "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners."  Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998).

---

[1] He has since been released from incarceration.
[2] Rec. Doc. 4.
[3] Rec. Doc. 7.
[4] See Rec. Docs. 8, 9, 10, 14, 21, 28, 31, 32, 34, 42, and 45.

The United States Fifth Circuit Court of Appeals has observed that a <u>Spears</u> hearing is in the nature of a Fed. R. Civ. P. 12(e) motion for more definite statement.  <u>Eason v. Holt</u>, 73 F.3d 600, 602 (5th Cir. 1996).  <u>Spears</u> hearing testimony becomes a part of the total filing by the *pro se* applicant.  <u>Id</u>.

Based on plaintiff's complaint, as amended, and his <u>Spears</u> hearing testimony, the Court finds that he is making the following allegations in this lawsuit:

On November 13, 2014, plaintiff entered the Orleans Parish Prison system based on a charge that he had violated the conditions of his parole for a simple burglary conviction.  During the jail intake and medical screening process, he told Nurse Kentrisha Davis that he had various mental and physical disabilities, including a paralyzed foot and hand.  He informed Davis that, due to his disabilities, he would not be able to defend himself if he was placed in the general population at the jail, and, therefore, he asked to be housed in the medical tier.  He was nevertheless assigned to the general population.  When he initially refused that placement, he was threatened with placement in isolation, and, ultimately, was placed in the general population despite his protests.

Once he was placed on a general population tier, plaintiff sent a grievance to the sheriff stating that he should not be in general population and was in danger.  At Sheriff Gusman's direction, Chief Weaver met with plaintiff concerning the matter.  Ultimately, Weaver said he could not place plaintiff on the medical tier.  Weaver instead transferred plaintiff to another general population tier where he was housed with dangerous offenders charged with violent offenses.

On January 3, 2015, Deputy Tyrone Roussel left his post in the unit where plaintiff was housed, leaving the post vacant.  At the <u>Spears</u> hearing, plaintiff conceded that Roussel was not aware that plaintiff was in danger; however, plaintiff opined that Roussel nevertheless should not have left the post vacant in the event a problem arose in his absence.

During Roussel's absence, another prisoner began going through plaintiff's belongings. When plaintiff discovered what was happening and objected, he was attacked by the inmate. In the attack, plaintiff suffered a torn lip, a black eye, and a concussion which caused him to lose consciousness. After returning from the hospital, he was again placed on another general population tier.

## I. Plaintiff's Motion to Dismiss the Jefferson Parish Sheriff's Office

Plaintiff has filed a motion to dismiss the Jefferson Parish Sheriff's Office as a defendant.[5] At the Spears hearing, plaintiff was asked about this motion. He explained that he did not intend to sue the Jefferson Parish Sheriff's Office and does indeed want to dismiss that entity from this lawsuit. Accordingly, it is recommended that plaintiff's motion be granted and that any claims against that entity be dismissed without prejudice.

## II. Mandatory Screening

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[6] Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1)     is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

---

[5] Rec. Doc. 24.

[6] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c). Because plaintiff was a "prisoner" at the time he filed this lawsuit, the screening provisions apply despite his subsequent release. Johnson v. Hill, 965 F. Supp. 1487, 1488 n.2 (E.D. Va. 1997); accord Rackley v. Gusman, Civ. Action No. 08-0825, 2009 WL 159170, at *1 n.1 (E.D. La. Jan. 16, 2009).

> (2)     seeks monetary relief from a defendant who is immune from such
>          relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit,

federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been
> paid, the court shall dismiss the case at any time if the court determines that ... the
> action …
>
> (i)     is frivolous or malicious;
> (ii)    fails to state a claim on which relief may be granted; or
> (iii)   seeks monetary damages against a defendant who is immune from
>         such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact."  Reeves v. Collins,

27 F.3d 174, 176 (5th Cir. 1994).  In making a determination as to whether a claim is frivolous,

the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal

theory, but also the unusual power to pierce the veil of the complaint's factual allegations and

dismiss those claims whose factual contentions are clearly baseless."  Neitzke v. Williams, 490

U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir.

1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does

not "plead enough facts to state a claim to relief that is plausible on its face.  Factual allegations

must be enough to raise a right to relief above the speculative level, on the assumption that all the

allegations in the complaint are true (even if doubtful in fact)."  *In re* Katrina Canal Breaches

Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[7] and fully considering his Spears hearing testimony, the undersigned recommends that the claims against the following defendants be dismissed as frivolous and/or failing to state a claim on which relief may be granted.

### A.  Orleans Parish Sheriff's Office

Plaintiff's claim against the Orleans Parish Sheriff's Office should be dismissed because a parish sheriff's office simply is not a legal entity subject to suit. Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 283 (5th Cir. 2002); see also Naquin v. Orleans Parish Sheriff's Office, Civ. Action No. 11-2878, 2012 WL 262988, at *3 (E.D. La. Jan. 9, 2012), adopted, 2012 WL 262877 (E.D. La. Jan. 30, 2012); Jacobson v. Gusman, Civ. Action No. 09-3695, 2009 WL 2870171, at *2 (E.D. La. Aug. 10, 2009), adopted, 2009 WL 2957961 (E.D. La. Aug. 26, 2009); Haywood v. Gusman, Civ. Action No. 06-3517, 2008 WL 516714, at *3 (E.D. La. Feb. 26, 2008); Causey v. Parish of Tangipahoa, 167 F. Supp. 2d 898, 904 (E.D. La. 2001); Ruggiero v. Litchfield, 700 F. Supp. 863, 865 (M.D. La. 1988).

---

[7] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

<u>B.  "Orleans Parish Prison Health Care Authority"</u>

Plaintiff's claim against the "Orleans Parish Prison Health Care Authority" should be dismissed because it is not a distinct, juridical entity capable of being sued.  <u>Taylor v. Louisiana</u>, Civ. Action No. 12-44, 2012 WL 6606961, at *2 (E.D. La. July 10, 2012), <u>adopted</u>, 2012 WL 6600553 (E.D. La. Dec. 18, 2012); <u>Spriggins v. Orleans Parish Prison</u>, Civ. Action No. 10-3219, 2010 WL 5525079, at *3 (E.D. La. Nov. 23, 2010), <u>adopted</u>, 2011 WL 39011 (E.D. La. Jan. 5, 2011); <u>Jiles v. Orleans Parish Prison Medical Clinic</u>, Civ. Action No. 09-8426, 2010 WL 3584059, at *2 (E.D. La. Sept. 7, 2010); <u>Jacobson v. Gusman</u>, Civ. Action No. 09-3695, 2009 WL 2870171, at *2 (E.D. La. Aug. 10, 2009), <u>adopted</u>, 2009 WL 2957961 (E.D. La. Aug. 26, 2009); <u>see also</u> <u>Brewin v. St. Tammany Parish Correctional Center</u>, No. 08-0639, 2009 WL 1491179, at *2 (W.D. La. May 26, 2009) ("[A] 'department' within a prison facility is not a 'person' under § 1983."); <u>Martinez v. Larpenter</u>, Civ. Action No. 05-874, 2005 WL 3549524, at *5 (E.D. La. Nov. 1, 2005); <u>Oladipupo v. Austin</u>, 104 F. Supp. 2d 626, 641-42 (W.D. La. 2000).

<u>C.  Tyrone Roussel</u>

Plaintiff claims that he was harmed as a result of Tyrone Roussel's action in leaving his security post vacant.  That claim, liberally construed, is a failure-to-protect claim.  It is clear that "the State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including ... protection from harm, during their confinement."  <u>Hare v. City of Corinth</u>, 74 F.3d 633, 650 (5th Cir. 1996) (en banc).  With respect to such claims, the United States Fifth Circuit Court of Appeals has explained:

> To establish a failure-to-protect claim under § 1983, [a prisoner] must show that he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection.  In order to act with deliberate indifference, the official must both be aware of facts

> from which the inference could be drawn that a substantial risk of serious harm
> exists, and he must also draw the inference.

Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995) (citations and internal quotation marks omitted).  "*Actual* knowledge and appreciation of the risk are required."  Smith v. Jaramillo, 394 Fed. App'x 183, 185 (5th Cir. 2010) (emphasis in original).  Moreover, "[d]eliberate indifference must be viewed from [the defendant's] perspective at the time in question, not with hindsight's perfect vision."  Jackson v. Everett, 140 F.3d 1149, 1152 (8th Cir. 1998); accord Dangerfield v. Dyson, Civ. Action No. 05-0650, 2008 WL 718114, at *3 (E.D. La. Mar. 14, 2008).

Here, plaintiff conceded at the Spears hearing that Roussel was not aware that plaintiff was in danger, and there is no basis for finding that Roussel was aware of and deliberately indifferent to an obvious, substantial risk to plaintiff's safety prior to this incident.  Therefore there is likewise no basis for a failure-to-protect claim against Roussel, because he cannot be said to have been deliberately indifferent in failing to protect against a potential harm of which he was unaware.  Farmer v. Brennan, 511 U.S. 825, 844 (1994); Bland v. Terrebonne Parish Criminal Justice Complex, Civ. Action No. 09-4407, 2009 WL 3486449, at *6 (E.D. La. Oct. 23, 2009).

At best, one could perhaps conclude that Roussel acted negligently in leaving his post prior to the attack.  However, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm."  Thompson v. Upshur County, Texas, 245 F.3d 447, 459 (5th Cir. 2001).  Moreover, such negligence is insufficient to support a federal civil rights claim.  "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."  Baker v. McCollan, 443 U.S. 137, 146 (1979); accord Elsensohn v. Jefferson Parish Community Correctional Center, Civ. Action No. 09-2759, 2009 WL 5088744, at *3 (E.D. La. Dec. 23, 2009).

Accordingly, even if Roussel acted negligently in leaving his post vacant, he cannot be held liable for such negligence under § 1983.  See, e.g., Taylor v. Louisiana, Civ. Action No. 12-44, 2012 WL 6606961, at *4 (E.D. La. July 10, 2012), adopted, 2012 WL 6600553 (E.D. La. Dec. 18, 2012); Withrow v. Gusman, Civ. Action No. 11-267, 2011 WL 1468355, at *3 (E.D. La. Mar. 24, 2011), adopted, 2011 WL 1468351 (E.D. La. Apr. 18, 2011).

### III.  Remaining Defendants

If the foregoing recommendations are accepted, plaintiff's remaining claims would be the failure-to-protect claims against Kentrisha Davis, Chief Earl Weaver, Jr., and Sheriff Marlin Gusman.  For the following reasons, the undersigned recommends that those claims be allowed to proceed pending further development.

Plaintiff alleges that he met with both Davis and Weaver and specifically informed them that, due to his disabilities, he was in danger of being physically harmed if housed in the general population.  *Without expressing an opinion as to the ultimate merit of the claims,* the undersigned finds that plaintiff's allegations are sufficient to state cognizable, nonfrivolous failure-to-protect claims against Davis and Weaver.

As to Sheriff Gusman, his involvement is less clear.  However, plaintiff alleges that he submitted a grievance explaining his disability and noting that he was in danger.  Plaintiff further alleges that Gusman personally received that grievance and, based on his knowledge of the grievance, directed Weaver to meet with plaintiff to discuss the matter.  *If*, as a result of the grievance, Gusman was in fact aware of plaintiff's circumstances and had actual knowledge that plaintiff was in danger, *facts which at this point have not been established*, then there *may* be a basis to hold Gusman liable on a failure-to-protect claim.  See Baker v. Smith, No. 93-4308, 1993

WL 241599 (5th Cir. June 21, 1993) ("If Baker's grievances gave Warden Waldron notice that Baker was in danger of attack by other inmates, and Warden Waldron intentionally or recklessly disregarded these warnings, then Baker may prevail on his claims of deliberate indifference."); see also Blackmon v. Garza, 484 Fed. App'x 866, 873 (5th Cir. 2012). Because Gusman's actual knowledge and personal involvement is unclear at this point, and because there is at least an arguable basis for holding him liable for failing to protect plaintiff, plaintiff should have the opportunity to further develop this claim. See Baker, 1993 WL 241599.[8]

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's motion to dismiss the Jefferson Parish Sheriff's Office, Rec. Doc. 24, be **GRANTED** and that the claims against that defendant be **DISMISSED WITHOUT PREJUDICE**.

It is **FURTHER RECOMMENDED** that plaintiff's claims against the Orleans Parish Sheriff's Office, the "Orleans Parish Prison Health Care Authority," and Tyrone Roussel be **DISMISSED WITH PREJUDICE** as frivolous and/or failing to state a claim on which relief may be granted.

It is **FURTHER RECOMMENDED** that plaintiff's claims against Sheriff Marlin Gusman, Earl Weaver, Jr., and Kentrisha Davis be allowed to proceed at this point pending further development.

---

[8] At several points in the amendments to the complaint, plaintiff indicates that he is suing Gusman based on a theory of *respondeat superior*. If that ultimately is the only basis for a claim against Gusman, then the claim will obviously fail. See Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability."). However, as noted, it appears that plaintiff is also alleging personal involvement on Gusman's part. It is on that basis that the undersigned is recommending that the claim be allowed to proceed at this point.

9

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[9]

New Orleans, Louisiana, this fifth day of October, 2015.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[9] Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.