# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERROL ANTHONY ROY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-701-JVM** |
| **ORLEANS PARISH SHERIFF'S OFFICE, ET AL.** | |

## ORDER AND REASONS

Plaintiff, Errol Anthony Roy, was an inmate at the time he filed this federal civil rights action pursuant to 42 U.S.C. § 1983. In his original complaint, he sued only the Orleans Parish Sheriff's Office, claiming that jail officials failed to protect him from violence.[1] He thereafter amended the complaint on numerous occasions.[2] Through those amendments, he added the following additional defendants: Sheriff Marlin Gusman, the Jefferson Parish Sheriff's Office, the "Orleans Parish Prison Health Care Authority," Kentrisha Davis, Tyrone Roussel, and Chief Earl Weaver, Jr.

In October of 2015, former United States Magistrate Judge Sally Shushan issued a report recommending that all of plaintiff's claims be dismissed except for his claims against Gusman, Weaver, and Davis.[3] On December 1, 2015, United States District Judge Sarah Vance adopted that recommendation and dismissed all claims except those against Gusman, Weaver, and Davis.[4]

---

[1] Rec. Doc. 4.
[2] See Rec. Docs. 8, 9, 10, 14, 21, 28, 31, 32, 34, 42, and 45.
[3] Rec. Doc. 46; Roy v. Orleans Parish Sheriff's Office, Civ. Action No. 15-701, 2015 WL 7750498 (E.D. La. Oct. 5, 2015).
[4] Rec. Doc. 56; Roy v. Orleans Parish Sheriff's Office, Civ. Action No. 15-701, 2015 WL 7756102 (E.D. La. Dec. 1, 2015).

Upon Magistrate Judge Shushan's retirement, this matter was reassigned to the undersigned.[5] A preliminary conference was then scheduled for September 12, 2016, and plaintiff, who had been released from incarceration, was expressly warned that his claims could be dismissed for failure to prosecute if he failed to participate in that conference.[6] Despite that warning, plaintiff did not participate, and the conference could not be held.[7] On September 14, 2016, the undersigned issued a report recommending that plaintiff's remaining claims therefore be dismissed for failure to prosecute.[8] Plaintiff objected to the Report and Recommendation, citing to various health and family issues.[9] On April 12, 2017, Judge Vance rejected the undersigned's recommendation in light of plaintiff's objection and referred the matter back for further proceedings; however, Judge Vance expressly warned: "[P]laintiff is on notice that the Court will not indulge further failures to follow its orders."[10]

Subsequently, all parties consent to trial by magistrate judge, and, on July 11, 2017, Judge Vance order entered an order authorizing the undersigned to conduct any and all further proceedings in this matter.[11] At the preliminary conference conducted in the case, the parties were ordered to file witness and exhibit lists on or before September 8, 2017, and a jury trial was scheduled for January 8, 2018.[12] The defendants filed their witness and exhibit lists;[13] however, plaintiff ignored the Court's order to file his lists.

---

[5] Rec. Doc. 72.
[6] Rec. Doc. 74.
[7] Rec. Doc. 75.
[8] Rec. Doc. 76.
[9] Rec. Doc. 81.
[10] Rec. Doc. 82.
[11] Rec. Doc. 89.
[12] Rec. Doc. 87.
[13] Rec. Docs. 93 and 94.

Ultimately, due to difficulties experienced by the defendants in completing discovery as a result of plaintiff's subsequent reincarceration, the Court granted additional time for discovery, canceled the trial, and set a new deadline for dispositive motions.[14]

The defendants then noticed plaintiff's deposition for December 7, 2017.[15] However, plaintiff, who had once again been released from incarceration, did not appear for that deposition.[16]

On January 8, 2018, defendant Davis filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[17] Plaintiff was ordered to respond to that motion on or before January 24, 2018.[18] Once again, plaintiff ignored the Court's order and filed no opposition.

In light of the foregoing, the Court finds that it is now appropriate to dismiss plaintiff's complaint for want of prosecution. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed. R. Civ. P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

---

[14] Rec. Doc. 105.
[15] Rec. Doc. 115-2, pp. 7-8.
[16] Rec. Doc. 115-2, pp. 1-6.
[17] Rec. Doc. 115.
[18] Rec. Doc. 118.

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b).  As noted, plaintiff has repeatedly flouted this Court's orders, and his continued contumacious behavior has caused unnecessary delays in this case.  Moreover, despite indicating that he wished to proceed to trial in this case, he filed no witness and exhibit lists indicating any effort whatsoever to prepare for trial.  In addition, by failing to appear for his deposition, he has deprived the defendants of their opportunity to investigate the case and mount a defense.  Finally, he has not even bothered to respond to the motion for summary judgment despite being expressly ordered to do so.  Such blatant disregard for the Court and the remaining parties need no longer be countenanced.  Accordingly, all of plaintiff's remaining claims against all remaining defendants are hereby dismissed with prejudice for failure to prosecute.

Out of an abundance of caution, the Court also alternatively grants defendant Kentrisha Davis's unopposed motion for summary judgment for the following reasons.

In the instant case, plaintiff claims that Davis failed to protect him from violence at the hands of another inmate.  The law with respect to such failure-to-protect claims is clear:  "[T]he State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including ... protection from harm, during their confinement."  Hare v. City of Corinth, 74 F.3d 633, 650 (5th Cir. 1996) (en banc).  However:

> To establish a failure-to-protect claim under § 1983, [an inmate] must show that he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were *deliberately indifferent* to his need for protection.  *In order to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.*

Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995) (citations and internal quotation marks omitted; emphasis added). Therefore, "*[a]ctual* knowledge and appreciation of the risk are required." Smith v. Jaramillo, 394 Fed. App'x 183, 185 (5th Cir. 2010). Moreover, "[d]eliberate indifference must be viewed from [the defendant's] perspective at the time in question, not with hindsight's perfect vision." Jackson v. Everett, 140 F.3d 1149, 1152 (8th Cir. 1998); accord Dangerfield v. Dyson, Civ. Action No. 05-0650, 2008 WL 718114, at *3 (E.D. La. Mar. 14, 2008).

In the instant case, plaintiff alleges that, during the jail intake and medical screening process on November 13, 2014, he told Davis that he had mental and physical disabilities. Despite his disabilities, Davis nevertheless assigned him to the general population, where he was subsequently attacked and injured by a fellow inmate on January 3, 2015. Plaintiff alleges that he was unable to defend himself in that attack due to his disabilities.

Davis filed a motion for summary judgment, and she supported her motion with her own declaration and the jail's screening records. In her declaration, she states:

2. … I was employed as a nurse at the Orleans Parish Prison from 2013 to 2016.

3. Errol Roy was an inmate at the Orleans Parish Prison, and I conducted his medical intake screening. The answers to the questions on the screening were self-reported by Mr. Roy, and he certified their accuracy with his signature. A true and correct copy of the intake questionnaire that I prepared during the intake is attached as Exhibit I.

4. *During the intake process, Mr. Roy did not inform me of any significant physical medical issues or problems.* He reported a history of mental illness, for which he was being treated. *Based on the information he provided, Mr. Roy did not meet the criteria for placement on the medical tier or suicide watch.*

5

5. *At the time of the intake process, I had no information to suggest that Mr. Roy would be at a substantial risk of serious harm if placed in general population.*

6. Based on the information provided, I recommended placement in general population. The security staff made any further determinations regarding Mr. Roy's placement as I had no authority to do so.

7. At all times during my interaction with Mr. Roy, I provided care that was within the applicable standard for the medical staff, and at no time did I act with deliberate indifference to any serious medical need or Mr. Roy's health or safety.[19]

The screening questionnaire attached to that declaration indicates that, during the medical intake screening on November 13, 2014, plaintiff reported an "ulcer to rigt [sic] foot" and that he denied any medical problems.[20] Plaintiff signed that screening questionnaire certifying that the information was true and correct.[21]

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The United States Fifth Circuit Court of Appeals has explained:

> Once a movant who does not have the burden of proof at trial makes a properly supported motion, *the burden shifts to the nonmovant to show that a summary judgment should not be granted.* A party opposing such a summary judgment motion *may not rest upon mere allegations contained in the pleadings, but must set*

---
[19] Rec. Doc. 115-3, pp. 1-2 (emphasis added).
[20] Id at. pp. 3 and 6.
[21] Id. at p. 7.

> *forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial. …*
>
> *… The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.*

Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998) (citations and quotation marks omitted; emphasis added). The nonmoving party's burden of demonstrating a genuine issue is not satisfied merely by creating some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). Moreover, although the Court "resolve[s] factual controversies in favor of the nonmoving party," it does so "only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. *We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts*." Id. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial" and entitles the moving party to a judgment as a matter of law. Celotex Corp., 477 U.S. at 323.

As noted, to prevail on his failure-to-protect claim, plaintiff must prove that Davis acted with deliberate indifference. Therefore, he bears the burden of proving that Davis (1) was aware of facts from which she could infer that a substantial risk of serious harm existed if plaintiff was placed in the jail's general population *and* (2) in fact drew that inference. See Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995). Davis has submitted evidence indicating that she had no knowledge from which to infer that plaintiff suffered from disabilities so severe that he would be in danger if placed in the jail's general population. Plaintiff has neither identified any specific

evidence in the record showing otherwise nor articulated the precise manner in which such evidence supports his claim. Therefore, Davis's unopposed motion for summary judgment must be granted.

Accordingly,

**IT IS ORDERED** that all of plaintiff's remaining claims against all remaining defendants are **DISMISSED WITH PREJUDICE** for failure to prosecute.

**IT IS FURTHER ORDERED** that, alternatively, Kentrisha Davis's motion for summary judgment, Rec. Doc. 115, is **GRANTED** and that all claims against her are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this twenty-fifth day of April, 2018.

*Janis Van Meerveld*
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**